UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS.: 18-CV-21990-DPG
16-CR-20685-DPG

NAVIN SHANKAR SUBRAMANIAM XAVIER,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**REPORT AND RECOMMENDATION REGARDING AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [ECF No. 72]**

Before the Court is Navin Shankar Subramaniam Xavier's ("Movant") amended motion to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 72. The Government responded to the Motion. ECF No. 74. Movant filed a Reply. ECF No. 75.[1] I held an evidentiary hearing on August 25, 2022. ECF No. 130.[2]

---

[1] Movant also filed a Motion to Take Judicial Notice of *United States v. Bazantes*, 978 F.3d 1227 (11th Cir. 2020). ECF No. 87. He asserted that *Bazantes* is relevant to the loss calculation issue. I disagree. *Bazantes* addressed the question whether the Sentencing Guidelines offense level can be based on gain to the defendant if there is no loss to any victim. Here, the sentencing judge did not use gain to calculate the offense level, so *Bazantes* does not apply.

[2] Movant consented to appear by video teleconference for the hearing.

Movant pled guilty to two counts of wire fraud. Cr. ECF No. 88.[3] As part of the plea agreement, the Government dismissed 13 counts. Cr. ECF No. 49. Movant was sentenced to 180 months imprisonment. Cr. ECF No. 88. He was ordered to pay $31,157,007.69 in restitution. *Id.* He is currently incarcerated.

Movant now asserts his conviction and sentence should be set aside because trial counsel was constitutionally ineffective for the following reasons:

- he failed to conduct an adequate investigation and failed to adequately explain "the nature of plea agreements and the law governing loss calculations." ECF No. 72 at 4 (Ground One);

- he failed to conduct an adequate investigation which resulted in reliance on "incorrect loss information" and the application of enhancements for sophisticated means and leadership role. *Id.* at 5 (Ground Two);

- he failed to present an accurate loss calculation during sentencing which resulted in a "procedurally and substantively unreasonable sentence." *Id.* at 7 (Ground Three);

- he failed to "object to and/or appeal from the Court's failure to state its reason for imposing a 180 month" sentence. *Id.* at 8 (Ground Four);

- he failed to file a notice of appeal after being asked to do so. *Id.* at 18 (Ground Five).

For the following reasons, the Motion should be DENIED.

---

[3] "Cr. ECF No." refers to docket entries in criminal case number 16-cr-20685.

## LEGAL PRINCIPLES

*Section 2255*

Collateral review pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal. Thus, "the grounds for collateral attack in a final judgment pursuant to 28 U.S.C. § 2255, are limited." *Gayle v. United States*, No. 19-CV-62904, 2020 WL 4339359, at *3 (S.D. Fla. July 28, 2020). A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that (1) violated the Constitution or the laws of the United States; (2) exceeded its jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). So, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotations omitted)). If a court determines it imposed a sentence in violation of Section 2255, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C.§ 2255(b). The movant, not the Government, bears the burden of establishing that vacatur of the conviction or sentence is required. *See Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017), *rehearing en banc denied by, Beeman v. United States*, 899 F.3d 1218 (11th Cir. 2018), *cert. denied by, Beeman v. United States*, 139 S. Ct. 1168 (2019).

*Ineffective Assistance of Counsel*

A criminal defendant is entitled to the effective assistance of counsel before deciding whether to plead guilty. *Lee v. United States*, 137 S. Ct. 1958, 1964, 198 L. Ed. 2d 476 (2017). Where a movant challenges counsel's effectiveness, he must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If the movant cannot meet one of *Strickland*'s prongs, the court need not address the other. *Id.* at 697.

As to the first *Strickland* prong, the "standard for counsel's performance is 'reasonableness under prevailing professional norms.'" *Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Strickland,* 466 U.S. at 668). A petitioner must prove by a preponderance of the evidence that counsel's performance was objectively unreasonable. *Chandler,* 218 F.3d at 1313, 1315. The judiciary's scrutiny of counsel's performance is highly deferential. *Id.* at 1314. There is a strong presumption that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Id.* "Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Id.* (citing *Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986)).

To show deficient performance, the movant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citation omitted). Counsel

4

cannot be constitutionally deficient for failing to raise a meritless argument. *Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008).

To show prejudice, the movant must establish that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Id.* To set aside a plea based on ineffective assistance of counsel, a § 2255 movant must show that he would not have pled guilty if counsel had provided competent representation. In the sentencing context, the § 2255 movant must show that the sentence would have been less severe but for counsel's deficient performance. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). Conclusory allegations of ineffective assistance are insufficient under *Strickland*. *See Boyd v. Comm'r, Alabama Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012) (citations omitted).

*Guilty Plea*

Before a trial judge can accept a guilty plea, the defendant must be advised of the various constitutional rights that he is waiving by entering such a plea. *See Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Since a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970); *see also United States v. Ruiz*, 536 U.S. 622, 629, 122 S. Ct. 2450, 153 L. Ed. 2d 586 (2002) (citations omitted).

To be knowing and voluntary, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (citation omitted); *United States v. Mosley*, 173 F.3d 1318, 1322 (11th Cir. 1999) (citation omitted). A guilty plea is invalid if it is induced through threats, misrepresentations, or improper promises. *See Brady*, 397 U.S. at 753-57.

Courts apply a "strong presumption" that statements made by a defendant during a change-of-plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (citation omitted); *see also United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." (citation omitted)).

*Right to Appeal*

Relief is mandatory under 2255 if counsel fails to file a notice of appeal after being specifically asked to do so:

> Under *Strickland*, an attorney acts in a professionally unreasonable manner when he fails to file an appeal on behalf of a client who specifically requests one. *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). Failure to file a requested notice of appeal is *per se* ineffective assistance of counsel, regardless of whether the appeal would have had merit. *Id.* at 483–86, 120 S. Ct. 1029. In that scenario, prejudice is presumed because the movant is denied the opportunity for a proceeding at all. *Id.* at 483, 120 S. Ct. 1029.

*Hurtado v. United States*, 808 F. App'x 798, 802 (11th Cir. 2020). It does not matter that the defendant has waived the right to appeal. *Garza v. Idaho*, 139 S. Ct. 738, 747, 203 L. Ed. 2d 77 (2019).

## PROCEEDINGS IN THE CRIMINAL CASE

*Plea agreement*

Movant signed a 19-paragraph written plea agreement. ECF No. 74-2. He initialed each paragraph. The plea agreement called for Movant to plead guilty to two counts of wire fraud, with the Government dismissing the remaining charges. ¶1. The Government agreed not to prosecute Movant's wife for her alleged role in the fraud schemes. ¶2. The plea agreement listed the statutory maximum penalties and noted that there would be forfeiture and restitution as part of the sentence. ¶¶4-7. The Government agreed to recommend that the Sentencing Guidelines offense level be reduced to reflect Movant's acceptance of responsibility. ¶9. The parties agreed to jointly recommend that the Court make certain Sentencing Guidelines findings; as most relevant to the Petition, the parties agree that the crime involved sophisticated means, that the loss amount was at least $9.5 million, and that an aggravating role enhancement of at least two levels applied. ¶10. Movant also agreed to cooperate with the Government in hopes of receiving a motion to reduce his sentence for substantial assistance. ¶¶12-14. Movant waived his right to appeal any sentence within the Guideline range calculated by the sentencing judge. ¶15. Movant stipulated to a lengthy and detailed factual basis for the plea. ¶17.

*Plea colloquy*

During his plea colloquy, Movant swore under oath:

- that he had reviewed the plea agreement with his counsel. ECF No. 74-3 at 6.

- that he had discussed with his attorney how the Sentencing Guidelines might apply in his case, including that he could not withdraw his plea if he was ultimately unhappy with the sentence he received. *Id*. at 16-17.

- that he understood that the parties would jointly recommend a sophisticated means enhancement. *Id*. at 10.

- that there had not been any difficulty communicating with counsel. *Id*. at 18.

- that his counsel had done everything that Movant had requested. *Id*. at 18.

- that he was fully satisfied with counsel's representation. *Id*. at 18.

- that he had enough time to review with counsel the factual proffer contained within the plea agreement. *Id*. at 18-19.

He twice swore that he had enough time to review the plea agreement with counsel. *Id*. at 6, 19. He also twice swore that he did not have any questions about the terms of the plea agreement. *Id*. at 6, 14.

*Sentencing*

Movant argued that the loss amount was between $9.5 million and $25 million, which would have increased his offense level by 20. The Government argued that the

8

loss amount was between $25 million and $65 million, which would have increased the offense level by 22. After hearing testimony, the Court found the loss to be greater than $25 million and less than $65 million.

Movant argued that he should receive only a two-level increase for his leadership role. The Government argued (and the Presentence Report recommended) a four-level increase. The Court found that a three-level increase was appropriate. ECF No. 74-5 at 22.

Based upon the Court's findings, the applicable Sentencing Guidelines range was 168-210 months based on an offense level of 35 and a criminal history category of I. *Id.* at 25. The Government recommended a sentence of 168 months. *Id.* at 28, 30. Movant asked for a sentence of no more than 95 months. *Id.* at 36.

## DISCUSSION

*Ground One*

Movant first argues that his trial counsel failed to conduct an adequate investigation and failed to adequately explain "the nature of plea agreements and the law governing loss calculations." He claims that he did not understand the plea agreement and that he would not have accepted the plea if he had been properly advised. This argument must be rejected based upon Movant's sworn statements during the plea colloquy. Among other things, he swore that counsel had done everything that Movant had requested, that counsel had explained the plea agreement, the Movant understood the plea agreement — including the Sentencing

9

Guidelines — and that there had been enough time for him to discuss the case fully with counsel.

Additionally, Movant has not shown a reasonable probability that he would have gone to trial if he had received different advice. Notably, as part of the plea agreement, the Government agreed not to prosecute Movant's wife and allowed him to cooperate to try to mitigate his sentence. The evidence proffered in the plea agreement constituted overwhelming evidence of fraud. Taken together, these facts strongly infer that Movant would not have gone to trial. Movant has not rebutted that inference.

*Grounds Two and Three*

Movant argues that trial counsel failed to investigate or understand how to correctly calculate the loss amount and that he failed to object to the erroneous application of enhancements for sophisticated means and leadership role at sentencing. Movant argues that these errors resulted in a procedurally and substantively unreasonable sentence.

The sentencing transcript, the stipulated facts, and the plea colloquy belie Movant's argument. As to the loss amount, the only issue at sentencing was whether the loss exceeded $25 million. A review of the sentencing transcript shows that trial counsel argued this issue in detail and with attention to the relevant facts (ECF No. 74-4 at 94-104, ECF No. 74-5 at 4-10). Counsel also thoroughly cross-examined the Government's witness (ECF No. 74-4 at 66-80, 86-89). Movant has not met his burden of showing deficient performance or prejudice related to the loss calculation.

Movant agreed as part of the plea agreement that the sophisticated means enhancement applied and that a leadership enhancement of some kind applied. He swore that counsel had explained these concepts and that he understood them. Even if counsel was ineffective in explaining something, the stipulated facts (which Movant swore were true) unquestionably support the trial court's findings. Movant has not identified any facts or arguments showing a reasonable probability that the sentencing judge would have reached different conclusions or imposed a different sentence if trial counsel had done more.

*Ground Four*

Movant argues that trial counsel failed to "object to and/or appeal from the Court's failure to state its reason for imposing a 180 month" sentence. Movant notes that the Government requested "a much shorter term of imprisonment," namely 168 months, and that the Court "did not state any reason for rejecting the request of the Government or counsel." ECF No. 72 at 8.

First, as Movant concedes, the sentence imposed was with the Guidelines' range of 168-210 months. Second, I find that there was no basis for trial counsel to object or appeal because the sentencing court provided its reason for the sentence imposed. Specifically, the Court explained that it was "a problem" that there were "still millions of dollars of unaccountable funds," suggesting that Movant had not fully "come clean" because there was still "a lot of money missing." ECF No. 74-5 at 31-33. In response, trial counsel attempted to account for the missing money. ECF No. 74-5 at 32-38. Thus, I find that counsel's performance at sentencing was

11

reasonable.

*Ground Five*

For his final issue, Movant alleges that he specifically asked trial counsel to appeal but that no notice of appeal was filed. Both Movant and trial counsel testified at the evidentiary hearing.

Movant testified that at least twice he asked counsel to appeal — once in the courtroom immediately after the sentencing and once in a face-to-face meeting at the jail a few days later. He further testified that trial counsel told him they could not appeal because of the appeal waiver in the plea agreement.

Trial counsel is an experienced federal criminal defense lawyer. He did not specifically recall a discussion, one way or the other, about whether to appeal. He recalled meeting with Movant at the jail after the sentencing to discuss possible cooperation with the Government. He testified that, if the issue had come up, he would have explained the appeal waiver but then filed a Notice of Appeal if Movant had asked for one. Given the ease of filing a Notice of Appeal, trial counsel had no motive not to file one, if asked.

Movant bears the burden of proving by a preponderance of the evidence that he directed trial counsel to file a Notice of Appeal. Movant has a motive to allege ineffective assistance of counsel at this stage — it is his last meaningful chance to revisit his sentence. There is no direct corroboration that Movant instructed counsel to appeal. Having been able to observe the demeanor of both witnesses at the hearing, I do not credit Movant's testimony that he directed counsel to appeal the sentence.

12

The contemporaneous surrounding circumstances also suggest that he would not have asked to appeal. He is a highly intelligent person. He knew that he had waived his right to appeal the Guideline calculation. He also was in the process of trying to cooperate in hopes of the Government filing a motion to reduce his sentence. He would have understood that the Government would view his filing an appeal as inconsistent with ongoing cooperation. For all these reasons, I find that Movant has not met his burden and that Ground Five should be rejected.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his § 2255 motion has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See Jackson v. United States,* 875 F.3d 1089, 1090 (11th Cir. 2017) (per curiam) (citing 28 U.S.C. § 2253(c)(1)); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). A Certificate of Appealability should issue only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Where a district court has rejected a movant's constitutional claims on the merits, a movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack,* 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, a movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling." *Id*. Here, applying these principles, no certificate of appealability should issue.  If Movant does not agree, he may bring this argument to the attention of the District Judge in objections.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Set Aside, Vacate, or Correct Sentence.  ECF No. 72

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Darrin P. Gayles, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 8th day of September 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE